UNITED STATES of America,
Plaintiff–Appellee,

v.

Phillip WHITEHURST, a/k/a L'il Phil,
a/k/a Lil Phil, a/k/a Philip White-
hurst, Defendant–Appellant.

No. 14–4016.

United States Court of Appeals,
Fourth Circuit.

Submitted: March 24, 2015.

Decided: March 31, 2015.

Marnitta L. King, King Law, P.A., Lar-
go, Maryland, for Appellant. Rod J. Ro-
senstein, United States Attorney, Arun G.
Rao, David I. Salem, Thomas M. Sullivan,
Assistant United States Attorney, Green-
belt, Maryland, for Appellee.

Before MOTZ, KING, and DUNCAN,
Circuit Judges.

Affirmed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Phillip Whitehurst pled guilty to: Count
1, conspiracy to distribute and possess
with intent to distribute 5 kilograms or
more of cocaine and 280 grams or more of
cocaine base; Count 2, possession with
intent to distribute cocaine; and Count 3,
possession of a firearm by a convicted
felon. He received an aggregate sentence
of 294 months of imprisonment, below his
properly calculated advisory Sentencing
Guidelines range of 360 months-life (with
concurrent sentences of 240 months and
120 months for Counts 2 and 3 respective-
ly). On appeal, Whitehurst alleges the
district court procedurally erred in calcu-
lating the drug weight attributable to him.
For the reasons that follow, we affirm.

We generally review any criminal sen-
tence for reasonableness under a deferen-
tial abuse-of-discretion standard. *Gall v.
United States,* 552 U.S. 38, 51, 128 S.Ct.
586, 169 L.Ed.2d 445 (2007); *United States
v. Rivera–Santana,* 668 F.3d 95, 100 (4th
Cir.2012). Whitehurst only alleges proce-
dural error, here that the district court
attributed too much cocaine base "crack"
to him. We must ensure that the district
court committed no significant procedural
error, such as failing to calculate (or im-
properly calculating) the Sentencing
Guidelines range, treating the Guidelines
as mandatory, failing to consider the 18
U.S.C. § 3553(a) (2012) factors, selecting a
sentence based on clearly erroneous facts,
or failing to adequately explain the chosen
sentence-including an explanation for any
deviation from the Guidelines range. *Gall,*
552 U.S. at 51, 128 S.Ct. 586; *United
States v. Carter,* 564 F.3d 325, 328–29 (4th
Cir.2009). We review the district court's
calculation of the quantity of drugs attrib-
utable to a defendant for sentencing pur-
poses for clear error. *United States v.
Randall,* 171 F.3d 195, 210 (4th Cir.1999).

Our review of the record reveals no
clear error by the district court in finding
Whitehurst responsible for between 2.8
and 8.4 kilograms of crack. The district
court based its decision on the testimony
of a government agent at the sentencing
hearing, the recommendations in the pre-
sentence report, and the trial testimony of
witnesses in a co-defendant's trial. In
these circumstances we find that informa-
tion relied upon by the district court had
"sufficient indicia of reliability to support

its probable accuracy." *U.S. Sentencing Guidelines Manual,* ("USSG") § 6A1.3(a) (2013). Accordingly, we find no clear error and affirm Whitehurst's sentence. *Randall,* 171 F.3d at 210. We deny Whitehurst's pending motions to allow defendant to file an appeal and motion for other relief.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED.*